# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. HUMPLE,<br><br>        Plaintiff,<br>v.<br><br>K. ROODA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.   1:10-cv-00843-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(ECF No. 10)<br><br>CLARIFICATION DUE BY **AUGUST 1, 2011** |

### **ORDER**

Plaintiff Jeffrey A. Humple ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's "Request to Dismiss 42 U.S.C. § 1983 and Order for Personal Property to be Transferred to Appellant's New Institution." (ECF No. 10.)  In it, Plaintiff states that he has been transferred to a new institution and believes that he will now have access to his personal property which will moot his Section 1983 claims in this action.  Plaintiff also states that he needs an order from this Court ordering Plaintiff's previous institution to transfer his personal property to his new institution.

The Court is unable to determine exactly what relief Plaintiff is seeking.  The Court

deems his request for an order regarding his property, a request for injunctive relief. However, as to Plaintiff's request to dismiss, the Court is unsure as to if Plaintiff is actually requesting a dismissal of this case.

**A.      Motion for Injunctive Relief**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and, in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998).

The standard for a permanent injunction is essentially the same as for a preliminary

injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success.  See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n. 12 (1987).  However, the Ninth Circuit has recently revived the "serious questions" sliding scale test, and ruled that a preliminary injunction may be appropriate when a plaintiff demonstrates serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor.  Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).  Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff."  Committee of Central American Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (quoting Martin v. International Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984)).

Plaintiff fails to meet the all of the legal standards required to be granted an injunction.  To succeed on a motion for such relief, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  Plaintiff does not refer to any of the required standards in his one-page request.  He simple asks that the Court order the prison to transfer his personal property

to his new institution. The relief sought by Plaintiff in the instant motion is not related to the controversy before the Court. Any orders relating to a transfer of Plaintiff's property to his new institution would not remedy Plaintiff's due process claims against the previous institution. Therefore, the Court lacks jurisdiction to issue the order sought by Plaintiff.

**B.     Voluntary Dismissal**

Plaintiff states that his Section 1983 claims in this action have become moot because he was transferred to a different institution. This appears to be a request to voluntarily dismiss this action.

Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)); see also Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997). At this stage in the proceedings, Plaintiff has the absolute right to dismiss his claims without prejudice. See Duke Energy Trading and Marketing, L.L.C. v. Davis, 267 F.3d 1042, 1049 (9th Cir. 2001). The filing of the notice of voluntary dismissal has the effect of closing the action, and then Court would no longer have jurisdiction over the claims. Id.

However, it is unclear to the Court if this what Plaintiff intended by this filing; thus, clarification is needed.

**C.     Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's request for injunctive relief is DENIED;

2.      Plaintiff is require to CLARIFY his request to dismiss; and

3. Clarification is due by August 1, 2011.

IT IS SO ORDERED.

Dated:   July 1, 2011

_____
UNITED STATES MAGISTRATE JUDGE