## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. HUMPLE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. ROODA, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:10-cv-00843-GBC (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER<br><br>RESPONSE DUE BY SEPTEMBER 12, 2011 |

## **ORDER**

Plaintiff Jeffrey A. Humple is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed a pleading entitled "Request to Dismiss 42 U.S.C. § 1983 and Order for Personal Property to be Transferred to Appellant's New Institution."  (ECF No. 10.)  The Court denied Plaintiff's request for injunctive relief as to his property request, and the Court requested that Plaintiff clarify his dismissal request.  (ECF No. 11.)  The Court gave Plaintiff until August 1, 2011 to clarify his request to dismiss.  (Id.)  To date, Plaintiff has not complied with or otherwise responded to the Court's Order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing

1 Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice,
2 based on a party's failure to prosecute an action, failure to obey a court order, or failure to
3 comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)
4 (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61
5 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of
6 complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
7 comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone
8 v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
9 with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal
10 for failure to lack of prosecution and failure to comply with local rules).

11    Accordingly, Plaintiff is HEREBY ORDERED to SHOW CAUSE not later that
12 September 12, 2011, why the above-captioned action should not be dismissed for failure
13 to obey a Court Order.  Plaintiff is hereby on notice that failure to respond to this Order by
14 September 12, 2011 will result in dismissal of this action.

15 IT IS SO ORDERED.

16 Dated:   August 8, 2011
17                                                                     UNITED STATES MAGISTRATE JUDGE